FILED

2012 DEC 11  PM 3: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  Jeffrey G. Sheldon (SBN 67516)
   jgsheldon@usip.com
2  William D. Bowen (SBN 254398)
3  william.bowen@usip.com
4  SHELDON MAK & ANDERSON PC
   100 East Corson Street, Third Floor
5  Pasadena, California  91103-3842
6  Telephone: (626) 796-4000
7  Facsimile: (626) 795-6321

8  Attorneys for Plaintiff
   NEW MILANI GROUP, INC.
9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  NEW MILANI GROUP, INC, a            )  Case No. CV 12 - 10612 - MMM
    California corporation              )            (FFMx)
14                                      )
                  Plaintiff,            )  COMPLAINT FOR DAMAGES
15                                      )  AND INJUNCTION FOR:
         v.                             )
16                                      )  1. TRADEMARK INFRINGEMENT
    J.T. BELLA, LLC, a New York limited )  2. FALSE DESIGNATION OF
17  liability company, and DOES 1-10,   )     ORIGIN
    Inclusive,                          )  3. FEDERAL DILUTION BY
18                                      )     BLURRING
                  Defendants.           )  4. STATE INJURY TO BUSINESS
19                                      )     REPUTATION AND DILUTION
                                        )  5. COMMON LAW TRADEMARK
20                                      )     INFRINGEMENT
                                        )  6. STATUTORY UNFAIR
21                                      )     COMPETITION
                                        )  7. COMMON LAW UNFAIR
22                                      )     COMPETITION
                                        )
23                                      )  REQUEST FOR JURY TRIAL
                                        )
24

25

26

27

28

1   Plaintiff New Milani Group, Inc., by its attorneys, Sheldon Mak  &
2   Anderson, alleges as follows:

3

4                   **JURISDICTION AND VENUE**

5         1.     The court has original jurisdiction of this action under 15 U.S.C. §§
6   1119, 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and 2201 in that this case
7   arises under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.*,
8   seeks an order cancelling registrations, and seeks a declaration of rights.  This
9   court has supplemental jurisdiction over Plaintiff's non-federal claims under 28
10  U.S.C. § 1367 in that those claims are so related to Plaintiff's federal claims that
11  they form part of the same case or controversy.

12        2.     Venue in this district is proper under 28 U.S.C. § 1391(b) in that a
13  substantial part of the events giving rise to the within claims occurred in this
14  judicial district.

15

16                     **THE PARTIES**

17        3.     Plaintiff New Milani Group, Inc. ("New Milani") is a California
18  corporation, with a principal place of business at 2111 East 49th Street, Los
19  Angeles, California 90058, and is the owner of the registered mark "MILANI"
20  ("MILANI Mark") as described herein.

21        4.     Defendant J.T. Bella, LLC ("JT Bella") is, on information and belief,
22  a limited liability company organized under the laws of New York with a principal
23  place of business in Farmingdale, New York.

24        5.     Plaintiff is informed and believes and based thereon alleges that
25  Defendants are doing business in the Central District of California such as by
26  having a distributor relationship with at least one manufacturer located in the
27  Central District and through its web site having produt available to consumers in
28  the Central District.

6.     The true names and capacities of the Defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is informed and believes, an thereon alleges, that each of the Defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as alleged herein.  Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE Defendants have been ascertained.  JT Bella, and DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

7.     Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

## THE PLAINTIFF'S TRADEMARK

8.     Plaintiff New Milani is a family owned and operated corporation that has grown to become one of the leading cosmetic brands in the United States marketplace.  Plaintiff sells cosmetics under the MILANI Mark to CVS, WalMart, and other leading retailers.

9.     Plaintiff New Milani is the owner of the MILANI Mark.  New Milani or its predecessors commenced using the MILANI Mark in commerce in the United States at least as early as January 28, 1993 in connection with the sale and offer for sale of cosmetics.  New Milani and/or its predecessors has used the MILANI Mark in connection with such goods continuously from the time it adopted it until the present.

10.     The MILANI Mark is the subject of U.S. Trademark Registration No. 3,641,687 ("the "'687 Registration").  A true and correct copy of the registration is attached as Exhibit "A" hereto.  The '687 registration was issued by the United

1    States Patent and Trademark Office ("PTO") on June 23, 2009 for use in
2    connection with cosmetics.

3        11.    At all times relevant to the acts complained of herein, New Milani has
4    used the MILANI Mark to identify its goods and to distinguish them from the
5    goods and services made and sold or offered by others by, among other things,
6    prominently displaying the mark on its products, on its internet website and on
7    advertising materials promoting its goods.  Since shortly after the date of
8    registration, New Milani has given notice that the Mark is registered in the USPTO
9    by displaying the Mark as used with the letter R enclosed within a circle.

10        12.    The presence of the MILANI Mark on New Milani's goods, on its
11   website and on advertising for New Milani's goods indicates to the public that
12   goods and services provided under the MILANI Mark originate with, or are
13   provided by, New Milani.  Thus, the consuming public has come to associate the
14   MILANI Mark with cosmetics of high quality.  As a consequence of all of the
15   foregoing, the MILANI Mark has attained considerable value and the goodwill
16   associated with it represents a valuable business asset.

17

18                **DEFENDANTS' INFRINGING ACTIVITIES**

19       13.    Defendant JT Bella is the listed applicant of the term MILANIA
20   HAIR CARE, subject of U.S. Trademark Application No. 85/536,265 (the "'265
21   application").  The '265 application specifically disclaims the word "HAIR
22   CARE."  The application was published for opposition on November 20, 2012.  A
23   true and correct copy of the application is attached as Exhibit "B" hereto.  The
24   MILANIA HAIR CARE application, was filed on February 7, 2012 under a 1B
25   status, Intent to Use.   Plaintiff has requested an extension of time to oppose this
26   application and intends to file a notice of opposition.

27       14.    Even though Defendants' trademark application is filed as "Intent to
28   Use" New Milani is informed and believes, and based thereon it alleges that the

1  Defendants are offering to provide, and are providing, in the United States and in
2  this judicial district, goods that are closely related to New Milani's goods, and that
3  the Defendants are using words and symbols in connection with those goods that
4  are confusingly similar to the MILANI Mark. Specifically, the Defendants' goods
5  consist of beauty products, including hair care and styling products.

6      15.    The Defendants' goods are offered and sold under the MILANIA
7  name. A true and correct copy of a screenshot taken from the Defendants' internet
8  website is attached as Exhibit "C".

9      16.    The sale and distribution by Defendants of beauty products under the
10  MILANIA name is likely to cause confusion with beauty products sold by Plaintiff
11  under the MILANI Mark.

12

13              **FIRST CLAIM FOR RELIEF**

14  **(Against All Defendants for Trademark Infringement, 15 U.S.C. § 1114(1))**

15      17.    New Milani incorporates, repeats and realleges paragraphs 1 through
16  21 above, as if set forth fully herein.

17      18.    The MILANI Mark is owned by New Milani and New Milani has
18  continuously used that mark in commerce since at least as early as September
19  2004. New Milani has never authorized nor consented to the Defendants' use of
20  any term which is the same as, is confusingly similar to, or constitutes a colorable
21  imitation of, the MILANI Mark in commerce in connection with their products or
22  services.

23      19.    Defendants' actions, as alleged above, are likely to cause confusion,
24  mistake or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §
25  1114(1).

26      20.    New Milani is informed and it believes and, based thereon it alleges
27  that the Defendants' acts have been undertaken with full knowledge of New
28  Milani's rights in and to the MILANI Mark and with the willful and deliberate

1    intent to cause confusion, mistake and deception among members of the relevant
2    public and to trade on the goodwill associated with the MILANI Mark.

3         21.    By reason of Defendants' acts, as alleged herein, New Milani has
4    suffered damage to its business, reputation and goodwill and Defendants have
5    made profits and sales they would not have made but for Defendants' conduct.

6         22.    Defendants' acts have caused and will continue to cause irreparable
7    and immediate injury to New Milani for which New Milani has no adequate
8    remedy at law. Unless Defendants are restrained by this Court from continuing
9    their unauthorized use of words and symbols that are confusingly similar to the
10   MILANI Mark, these injuries will continue to occur.

11

12                        **SECOND CLAIM FOR RELIEF**
13   **(Against All Defendants for False Designation Of Origin, 15 U.S.C. § 1125(a))**

14        23.    New Milani incorporates, repeats and realleges paragraphs 1 through
15   21 above, as if set forth fully herein.

16        24.    The MILANI Mark is owned by New Milani and New Milani has
17   continuously used it in commerce for many years. New Milani has never
18   authorized or consented to the Defendants' use of the MILANI Mark or of any
19   similar words or names in connection with their products or services.

20        25.    Defendants' actions, as alleged above, are likely to cause confusion,
21   mistake or deception as to the affiliation, connection or association of the
22   Defendants with New Milani, or as to the origin, sponsorship or approval of
23   Defendants' products or services by New Milani in violation of Section 43(a) of
24   the Lanham Act, 15 U.S.C. § 1125(a).

25        26.    New Milani is informed and it believes and, based thereon it alleges
26   that the Defendants' acts have been undertaken with full knowledge of New
27   Milani's rights in and to the MILANI Mark and with the willful and deliberate

28

1  intent to cause confusion, mistake and deception among members of the relevant
2  public and to trade on the goodwill associated with the mark.

3       27.    By reason of Defendants' acts, as alleged herein, New Milani has
4  suffered damage to its business, reputation and goodwill and Defendants have
5  realized profits and sales they would not have made but for Defendants' conduct.

6       28.    Defendants' acts have caused and will continue to cause irreparable
7  and immediate injury to New Milani for which New Milani has no adequate
8  remedy at law.  Unless Defendants are restrained by this Court from continuing
9  their unauthorized use of words and symbols that are confusingly similar to the
10  MILANI Mark, these injuries will continue to occur.

11

12  **THIRD CLAIM FOR RELIEF**

13  **(Against All Defendants for Dilution by Blurring, 15 U.S.C. § 1125(c))**

14       29.    New Milani incorporates, repeats and realleges paragraphs 1 through
15  21 above, as if set forth fully herein.

16       30.    By reason of its extensive advertising and sales of goods under the
17  MILANI Mark, that mark has become famous within the meaning of Section 43(c)
18  of the Lanham Act, 15 U.S.C. § 1125(c).

19       31.    The MILANI Mark is inherently distinctive or, in the alternative, has
20  acquired distinctiveness as a consequence of the long period of use by New Milani,
21  which has been exclusive, and New Milani's extensive marketing and sales of
22  goods under it.

23       32.    The Defendants commenced use in commerce of MILANIA after
24  New Milani adopted and began using the MILANI Mark and after the mark had
25  become famous.

26       33.    Taking into consideration (i) the high degree of similarity between the
27  Defendants' MILANIA term and New Milani's MILANI Mark, (ii) the high
28  degree of distinctiveness of the MILANI Mark, (iii) the fact that New Milani

1  and/or its predecessor has been making exclusive use of the MILANI Mark in

2  connection with cosmetics for at least 19 years, (iv) the degree of consumer

3  recognition of the MILANI Mark as a consequence of New Milani's extensive use

4  and promotion of those mark over many years, and (v) the association in the minds

5  of consumers between New Milani's MILANI Mark and the MILANIA term, the

6  Defendants' use of the MILANIA term has caused or, in the alternative, is likely to

7  cause dilution of the MILANI Mark.

8      34.    As a consequence of the foregoing, New Milani is entitled to an

9  injunction against the Defendants' continued use of MILANIA.

10

11              **FOURTH CLAIM FOR RELIEF**

12  **(Against All Defendants for State Injury to Business Reputation and Dilution,**

13              **Cal. Bus. & Prof. Code § 14247)**

14      35.    New Milani incorporates, repeats and realleges paragraphs 1 through

15  21 above, as if set forth fully herein.

16      36.    By reason of its extensive advertising and sales of goods under the

17  MILANI Mark, the mark has become famous within the meaning of Section

18  14247(a) of the California Business and Professions code.

19      37.    The MILANI Mark is inherently distinctive or, in the alternative, has

20  acquired distinctiveness as a consequence of the long period of use by New Milani,

21  which has been exclusive, and New Milani's extensive marketing and sales of

22  goods under it.

23      38.    The Defendants commenced use in commerce of their MILANIA

24  name after New Milani adopted and began using the MILANI Mark and after the

25  mark had become famous.

26      39.    Taking into consideration (i) the high degree of similarity between the

27  Defendants' MILANIA name and New Milani's MILANI Mark, (ii) the high

28  degree of distinctiveness of the MILANI Mark, (iii) the fact that New Milani has

1  been making exclusive use of the MILANI Mark in connection with cosmetics for

2  at least 19 years, (iv) the degree of consumer recognition of the MILANI Mark as a

3  consequence of New Milani's extensive use and promotion of the MILANI Mark,

4  and (v) the association in the minds of consumers between New Milani's MILANI

5  Mark and the MILANIA name, the Defendants' use of the MILANIA name has

6  caused or, in the alternative, is likely to cause dilution of the MILANI Mark.

7      40.    As a consequence of the foregoing, New Milani is entitled to an

8  injunction against the Defendants' continued use of MILANIA.

9

10              **FIFTH CLAIM FOR RELIEF**

11  **(Against All Defendants for Common Law Trademark Infringement)**

12      41.    New Milani repeats and re-alleges paragraphs 1 through 21 and 29

13  through 33, as though fully set forth in this paragraph.

14      42.    By reason of Defendants' acts, as alleged herein, New Milani has

15  suffered damage to its business, reputation and goodwill and Defendants have

16  realized profits and sales they would not have made but for Defendants' conduct.

17      43.    The above-described acts of Defendants constitute common law

18  trademark and trade name infringement.  Such acts have caused and will continue

19  to cause irreparable and immediate injury to New Milani for which New Milani

20  has no adequate remedy at law.  Unless Defendants are restrained by this Court

21  from continuing the acts alleged herein, these injuries will continue to occur.

22      44.    On information and belief, the foregoing acts of the Defendants are

23  oppressive, fraudulent, willful and malicious in that they have been undertaken

24  with a conscious disregard of New Milani's rights and with a desire to injure New

25  Milani's business and to improve their own.

26

27

28

1

2

3

## SIXTH CLAIM FOR RELIEF

### (Against All Defendants for Unfair Competition, Cal. Bus. & Prof. Code § 17200)

4      45.    New Milani repeats and re-alleges paragraphs 1 through 21, 23

5   through 27 and 29 through 33, as though fully set forth in this paragraph.

6      46.    The above-described acts of Defendants constitute unfair competition

7   within the meaning of California Business and Professions Code Section 17200.

8   Such acts have caused and will continue to cause irreparable and immediate injury

9   to New Milani for which New Milani has no adequate remedy at law.  Unless

10  Defendants are restrained by this Court from continuing the acts alleged herein,

11  these injuries will continue to occur.

12

13

## SEVENTH CLAIM FOR RELIEF

### (Against All Defendants for Common Law Unfair Competition)

15     47.    New Milani repeats and re-alleges paragraphs 1 through 21, 23

16  through 27 and 29 through 33, as though fully set forth in this paragraph.

17     48.    By reason of Defendants' acts, as alleged herein, New Milani has

18  suffered damage to its business, reputation and goodwill and the loss of profits and

19  sales it would have made but for Defendants' conduct.

20     49.    The above-described acts of Defendants constitute common law unfair

21  competition in that Defendants are attempting to pass off its goods and services as

22  those of New Milani.  Such acts have caused and will continue to cause irreparable

23  and immediate injury to New Milani for which New Milani has no adequate

24  remedy at law.  Unless Defendants are restrained by this Court from continuing the

25  acts alleged herein, these injuries will continue to occur.

26

27

## PRAYER FOR RELIEF

28      WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.   For an order permanently enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

a.   Using any brand or designation that makes use of the term MILANI or any permutation of that term, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, New Milani's goods;

b.   Instructing or directing any third parties to prepare print advertising, flyers, containers, labels or packaging bearing the term MILANI or any permutation of that term, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, New Milani's goods;

c.   Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the MILANI mark;

2.   For an order directing the Defendants to deliver up for destruction all products, labels, boxes, signs, prints, packages, wrappers, and artwork in their possession, or under their control, bearing or intended to bear the term MILANI or any permutation of that term, whether alone or in combination with other words, characters or symbols;

3.   For an order pursuant to 15 U.S.C. § 1125(c)(1) permanently enjoining Defendants and their officers, agents, employees, and all those acting in concert or conspiracy with them from making use of the MILANIA name or any other term that contains the term MILANI or any phonetic equivalent of that mark in connection with the sale of hair and beauty products or cosmetics;

4.   For a monetary award in favor of New Milani in an amount equal to (i) New Milani's actual damages and (ii) to the extent not included in actual

1  damages, the Defendants' profits arising from the acts alleged above, such

2  damages and profits to be trebled under 15 U.S.C. § 1117(a);

3      5.     For a finding that this is an exceptional case within the meaning of,

4  and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

5      6.     For a finding that the Defendants' acts of infringement were willful

6  within the meaning of 15 U.S.C. § 1117(c)(2);

7      7.     For an award of pre-judgment interest and post-judgment interest in

8  the maximum amount permitted by law;

9      8.     For an award of costs under 15 U.S.C. § 1117(a), or as otherwise

10 provided by law;

11     and

12     9.     For such other and further relief as the Court deems just and proper.

13

14 Dated: December 11, 2012            SHELDON MAK & ANDERSON PC

15

16                                     By: _____

17                                         Jeffrey G. Sheldon
                                           William D. Bowen
18

19                                     Attorneys for Plaintiff NEW MILANI
                                       GROUP. INC.
20

21

22

23

24

25

26

27

28

1

## REQUEST FOR JURY TRIAL

2    Plaintiff requests trial by jury on all issues so triable.

3

4  Dated:  December 11, 2012          SHELDON MAK & ANDERSON PC

5

6                                    By: _____

7                                         Jeffrey G. Sheldon
                                          William D. Bowen
8

9                                    Attorneys for Plaintiff NEW MILANI
                                     GROUP. INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 3,641,687
Registered June 23, 2009

### TRADEMARK
### PRINCIPAL REGISTER

# MILANI

NEW MILANI GROUP, INC. (CALIFORNIA COR-
PORATION)
2111 E. 49TH STREET
LOS ANGELES, CA 90058

FOR: COSMETICS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50,
51 AND 52).

FIRST USE 1-28-1993; IN COMMERCE 1-28-1993.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 77-132,168, FILED 3-15-2007.

MATTHEW MCDOWELL, EXAMINING ATTOR-
NEY

EXHIBIT A, PAGE 13

# EXHIBIT B

Generated on 2012-11-28T14:58:19.526-05:00

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2012-11-28 14:58:19 EST |
| **Mark:** | MILANIA HAIR CARE |

## MILANIA HAIR CARE

| | | | |
|---|---|---|---|
| **US Serial Number:** | 85536265 | **Application Filing Date:** | Feb. 07, 2012 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | Application has been published for opposition. The opposition period begins on the date of publication. | | |
| **Status Date:** | Nov. 20, 2012 | | |
| **Publication Date:** | Nov. 20, 2012 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | MILANIA HAIR CARE |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |
| **Disclaimer:** | "HAIR CARE" |

## Goods and Services

**Note:**

The following symbols indicate that the registrant/owner has amended the goods/services:

- • Brackets [..] indicate deleted goods/services;
- • Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- • Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|---|---|
| **For:** | HAIR CARE PRODUCTS, NAMELY, SHAMPOO, CONDITIONER, GEL, MOUSSE, HAIR SPRAY, STYLING PASTE, HAIR CREAMS, STYLING FOAM, HAIR BALMS, POMADES, HAIR TREATMENTS, AND HAIR |

EXHIBIT B, PAGE 14

SERUMS

| | | | |
|---|---|---|---|
| **International Class:** | 003 - Primary Class | **U.S Class:** | 001, 004, 006, 050, 051, 052 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) | | |

**For:** HAIR CARE PRODUCTS, NAMELY, BRUSHES AND COMBS

| | | | |
|---|---|---|---|
| **International Class:** | 021 - Primary Class | **U.S Class:** | 002, 013, 023, 029, 030, 033, 040, 050 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) | | |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No | **Amended Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | J.T. BELLA LLC |
| **Owner Address:** | 100 Adams Blvd. Farmingdale, NEW YORK 11735 UNITED STATES |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY |
| **State or Country Where Organized:** | NEW YORK |

## Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Thomas M. Galgano | **Docket Number:** | 3087-20 |

### Correspondent

|  |  |
|---|---|
| Correspondent Name/Address: | THOMAS M. GALGANO<br>GALGANO & ASSOCIATES, PLLC<br>20 W PARK AVE STE 204<br>LONG BEACH, NEW YORK 11561-2019<br>UNITED STATES |
| Phone: | (516) 431-1177 |
| Correspondent e-mail: | tmgalgano@rcn.com;jgbower@rcn.com |

| | |
|---|---|
| Fax: | (516) 431-1127 |
| Correspondent e-mail Authorized: | No |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Nov. 20, 2012 | PUBLISHED FOR OPPOSITION | |
| Oct. 31, 2012 | NOTICE OF PUBLICATION | |
| Oct. 15, 2012 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 66121 |
| Oct. 15, 2012 | ASSIGNED TO LIE | 66121 |
| Oct. 01, 2012 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Sep. 27, 2012 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Sep. 27, 2012 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Sep. 27, 2012 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Sep. 10, 2012 | NON-FINAL ACTION MAILED | |
| Sep. 07, 2012 | NON-FINAL ACTION WRITTEN | 76406 |
| Jul. 31, 2012 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Jul. 31, 2012 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Jul. 31, 2012 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| May 29, 2012 | NON-FINAL ACTION MAILED | |
| May 29, 2012 | NON-FINAL ACTION WRITTEN | 76406 |
| May 16, 2012 | ASSIGNED TO EXAMINER | 76406 |
| Feb. 13, 2012 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Feb. 10, 2012 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

EXHIBIT B, PAGE 16

## TM Staff Information

| | | | |
|---|---|---|---|
| **TM Attorney:** | CLYBURN, CARLA DIONNE | **Law Office Assigned:** | LAW OFFICE 110 |

## File Location

| | | | |
|---|---|---|---|
| **Current Location:** | PUBLICATION AND ISSUE SECTION | **Date in Location:** | Oct. 15, 2012 |

EXHIBIT B, PAGE 17

EXHIBIT C



EXHIBIT C, PAGE 18

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV12- 10612 MMM (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

----------------------------------------------------------------

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Jeffrey G. Sheldon (SBN 67516)
William D. Bowen (SBN 254398)
SHELDON MAK & ANDERSON PC
100 East Corson Street, Third Floor
Pasadena, California  91103-3842

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW MILANI GROUP, INC, a California corporation | CASE NUMBER |
| PLAINTIFF(S) | CV12-10612-mmm(FFMx) |
| v. | |
| J.T. BELLA, LLC, a New York limited liability company, and DOES 1-10, Inclusive, | SUMMONS |
| DEFENDANT(S). | |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Jeffery G. Sheldon _____, whose address is 100 Corson St, 3rd Floor, Los Angeles, CA  91103 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: DEC 1 1 2012 _____

By: _Manley, Kim_

Deputy Clerk

*(Seal of the Court)*

*Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| NEW MILANI GROUP, INC, a California corporation | J.T. BELLA, LLC, a New York limited liability company, and DOES 1-10, Inclusive, |

Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

SHELDON MAK & ANDERSON PC
100 East Corson Street, Third Floor
Pasadena, California 91103-3842      Tele: 626.796.4000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)
□ 2 U.S. Government Defendant  □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ |

**IV. ORIGIN** (Place an X in one box only.)

□ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes ☑ No      □ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114(1); 15 U.S.C. § 1125(a) and (c); and Cal. Bus. & Prof. Code §§ 14247 and 17200

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/Other | □ 740 Railway Labor Act |
| □ Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| □ Cable/Sat TV | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ Selective Service | □ 160 Stockholders' Suits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ Securities/Commodities/Exchange | □ 190 Other Contract | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| □ Customer Challenge 12 USC 3410 | □ 195 Contract Product Liability | □ 365 Personal Injury-Product Liability | □ 443 Housing/Accommodations | □ 630 Liquor Laws | SOCIAL SECURITY |
| □ Other Statutory Actions | □ 196 Franchise | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 640 R.R. & Truck | □ 861 HIA (1395ff) |
| □ Agricultural Act | REAL PROPERTY | | □ 445 American with Disabilities - Employment | □ 650 Airline Regs | □ 862 Black Lung (923) |
| □ Economic Stabilization Act | □ 210 Land Condemnation | IMMIGRATION | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 863 DIWC/DIWW (405(g)) |
| □ Environmental Matters | □ 220 Foreclosure | □ 462 Naturalization Application | □ 440 Other Civil Rights | □ 690 Other | □ 864 SSID Title XVI |
| □ Energy Allocation Act | □ 230 Rent Lease & Ejectment | □ 463 Habeas Corpus-Alien Detainee | | | □ 865 RSI (405(g)) |
| □ Freedom of Info. Act | □ 240 Torts to Land | □ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| □ Appeal of Fee Determination Under Equal Access to Justice | □ 245 Tort Product Liability | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ Constitutionality of State Statutes | □ 290 All Other Real Property | | | | □ 871 IRS-Third Party 26 USC 7609 |

**OFFICE USE ONLY:** Case Number:  CV12-10612

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
     ☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
     ☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 12/11/12

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |